**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  0:11-CV-60041-MGC**

ANDREA VITIELLO f/k/a ANDREA
MONTEIRO, as mother and next friend of
N.M.V., a minor,

      Plaintiff,

vs.

TRAVELERS INDEMNITY COMPANY OF
AMERICA; TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT;
AUDUBON INDEMNITY COMPANY; and
CHARTIS CLAIMS, INC. f/k/a AIG DOMESTIC
CLAIMS, INC.,

      Defendants.

_____/

**DEFENDANTS AUDUBON INDEMNITY COMPANY'S AND
CHARTIS CLAIMS, INC.'S MOTION TO DISMISS**

Defendants, Audubon Indemnity Company ("Audubon") and Chartis Claims, Inc.

("Chartis"), (sometimes collectively referred to as "Defendants") by and through their

undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this court to dismiss

Plaintiff's claims against them, and in further support thereof state as follows:

**<u>INTRODUCTION</u>**

Plaintiff brings this suit against Audubon, Chartis and others as a purported assignee of

Nationwide Management Services, Corp. f/k/a Dayco Investment Corp. (hereinafter referred to

as "Nationwide" or the "underlying defendant Nationwide").  According to the Complaint,

Nationwide and other entities operated, controlled and maintained a town home development

called Lakeside Villas.  On January 24, 1999, Plaintiff's minor son, N.M.V., was injured on the

{M3009769;5.2}

premises of Lakeside Villas (hereinafter referred to as the "Accident").  As a result, Plaintiff sued

Nationwide and other entities for her son's injuries in state court (hereinafter the "underlying

lawsuit").  Ultimately, Plaintiff obtained an $8,000,000 stipulated consent judgment against

Nationwide and the other defendants.  Plaintiff also obtained an assignment of claims from

Nationwide against Nationwide's liability insurers.

In the instant lawsuit, Plaintiff is purporting to sue Nationwide's insurers, as Nationwide's

assignee, on the grounds that the insurers failed to defend Nationwide in the underlying lawsuit

and failed to settle that lawsuit.  Plaintiff seeks the amount of the stipulated judgment in the

underlying lawsuit as damages.  Although the essence of the dispute between the parties is

grounded in contract, Plaintiff has improperly framed her claims as claims for negligence.

If the complaint had been properly framed from the outset, the facts alleged would give

rise to nothing more than a simple breach of contract cause of action against Defendants for

failure to defend and indemnify an insured under a liability insurance policy.  However, the

Complaint fails to allege the most basic and rudimentary element to sustain a claim for breach of

contract – a breach.  Perhaps because it ultimately will be shown that there is no contract

covering the Accident, Plaintiff has chosen to attempt to bring claims sounding in tort.[1]

---

[1] Plaintiff has not attached any insurance policies to her Complaint.  Nor does she allege specific dates of coverage.
Instead, she makes bald allegations that Audubon and Chartis insured Nationwide and that they failed to defend and
indemnify Nationwide for the Accident.  Audubon and Chartis have been diligently attempting to locate any policies
issued to Nationwide, and have discovered that Audubon issued four policies to entities with the name Nationwide.
As the attached Policy Declarations show, three policies were issued to Nationwide Management, Inc., who is not
the underlying defendant.  See Composite Exhibit A, hereto.  This insurance *first incepted as a new policy* on
August 14, 2000 and terminated on August 14, 2003.  One policy was issued to Nationwide Management Services,
Inc. (not Corp.) and Dayco Holdings Corp.  This insurance *first incepted as a new policy* on September 30, 2002 and
terminated on September 30, 2003.  The Accident took place on January 24, 1999, a date well over a year prior to
the date that the first policy incepted.  Thus, as the attached Policy Declarations clearly show, there was no coverage
afforded by Audubon or Chartis for Nationwide prior to or at the time of the Accident.  Moreover, as the attached
Policy Declarations show, no coverage was *ever* afforded by Chartis to Nationwide.  These policies are archived,
and although Audubon and Chartis are diligently seeking to obtain copies of the full policies, they have not yet been
able to do so.  However, Audubon anticipates that the policies will be located shortly, and at that time, both
Audubon and Chartis will amend this motion to dismiss to allege that not only does the instant complaint fail to state
a cause of action against these Defendants, but that Plaintiff will never be able to state a cause of action, because

However, this effort too must fail.  Plaintiff's negligence claims fail and must be dismissed because Plaintiff has not and cannot allege that Defendants had any legal duty of care to Nationwide.  Without an allegation of a cognizable legal duty, a claim for negligence cannot survive.  Furthermore, even if a negligence claim were properly alleged, it would still have to be dismissed because the economic loss rule bars tort claims between parties that are in contractual privity, as Plaintiff alleges to be the case here.

To further muddy the waters, the Complaint appears to implicate insurance bad faith claims.  Indeed, although she does not say so outright, Plaintiff's invocation of bad faith is apparently intended to recover bad faith damages (the amount of the stipulated consent judgment) in excess of policy limits, but without first proving that Nationwide was insured under the policy or that there was coverage for the underlying tort lawsuit.  Plaintiff's allegations of bad faith are improper, as any such claims only accrue after coverage is decided in favor of the insured.  Plaintiff has not alleged that condition precedent to a bad faith claim, rendering any bad faith allegations improper.

In part due to the misnomer of the causes of action, and in part due to other glaring pleading deficiencies, Plaintiff has failed to state *any* cause of action against Audubon and Chartis.  As a result, all claims against Audubon and Chartis should be dismissed.

## FACTUAL BACKGROUND

Plaintiff alleges that she is suing Audubon and Chartis pursuant to an assignment from Cobra International, Inc., Nationwide and/or Franco D'Augustino.  Complaint at p. 1.  Plaintiff

---

Audubon and/or Chartis did not provide coverage to Nationwide for the Accident.  See Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1283-84 (11th Cir. 2007); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Seaboard Marine, supra, at *1 (holding that ordinarily, on a motion to dismiss, the Court can only look at the four corners of the complaint and the documents attached thereto, except where the plaintiff refers to a document in its complaint and that document is central to the plaintiff's claim, then the Court may consider the document part of the pleadings for purposes of ruling on a 12(b)(6) motion).

alleges that Audubon and Chartis issued a liability insurance policy to Nationwide, but she did not attach any policy to the Complaint.  Id. at ¶ 7.

In the general allegations in the Complaint, Plaintiff alleges that Nationwide and other entities operated, controlled and maintained the premises of Lakeside Villas town home development.  Complaint at ¶ 8.  Plaintiff alleges that on January 24, 1999, her minor son, N.M.V., was injured on the premises of Lakeside Villas due to the negligence, in part, of Nationwide.  Id.  Plaintiff sued Nationwide for her son's injuries in state court.  Id. at ¶ 9. Plaintiff alleges that "upon information and belief," Nationwide and/or other defendants in the personal injury action, upon being served with a complaint, forwarded the suit papers to Audubon and Chartis.  Id. at ¶ 10.  Plaintiff alleges that despite the tender of the defense to them, Audubon and Chartis failed to provide a defense or settle the personal injury lawsuit.  Id. at ¶ 11.

Plaintiff further alleges that Audubon and Chartis should have known that a verdict and judgment on the issue of liability would probably be entered against Nationwide if the claim against it was not settled.  Id. at ¶ 13.  Plaintiff alleges that in order to protect themselves from an excess judgment, Nationwide and the other defendants in the state court tort lawsuit entered into a stipulated consent judgment with Plaintiff in the amount of $8,000,000, in exchange for a release of Plaintiff's claims.  Id. at ¶ 14-16.  Moreover, Plaintiff alleges that Nationwide assigned to her its rights against Audubon and Chartis.  Id.

Only two of the four counts contained in the Complaint pertain to Audubon and Chartis – Counts III and IV, respectively.  Complaint at ¶¶ 26 – 33.  Both counts are titled "Negligence". Id.  In these counts, Plaintiff claims that as a result of the foregoing actions, she, as assignee of Nationwide, is suing Audubon and Chartis for negligence.  Id.  The sole basis for Plaintiff's claims is that Audubon and Chartis were given notice of the underlying lawsuit, and were

requested to defend the lawsuit, which they "wrongfully and in bad faith refused" to do.  Id. at ¶ 26-28, 30-32.  Plaintiff then alleges that "due to the bad faith and wrongful refusal" of Audubon and Chartis to defend or settle the lawsuit, a judgment was entered against Nationwide and other defendants, for which Audubon and Chartis are responsible.  Id. at ¶ 29, 33.

## ARGUMENT

## THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION

Plaintiff titles her claims against Audubon and Chartis "Negligence."  Claims for negligence, however, must fail because Plaintiff has failed to identify a duty, separate and apart from those duties that would arise from an insurance contract, owed to Nationwide (or the Plaintiff) by these Defendants.  Plaintiff's claims for negligence are also barred by the economic loss rule.  Moreover, even if the label of negligence was removed and the claims were re-titled "Breach of Contract," Plaintiff's claims would still fail because Plaintiff has failed to allege the most critical element of a breach of contract claim – that there is a breach.  Finally, to the extent that Plaintiff seeks to claim insurer bad faith, such a claim is derivative of a contractual relationship between an insurer and insured, which has not been properly alleged.  Moreover, once a relationship has been established, the Plaintiff must show that the contractual relationship has been breached.  Not only has Plaintiff failed to properly allege a contractual relationship between Nationwide and these Defendants, but she has utterly failed to establish or allege a breach.  Accordingly, Plaintiff's complaint must be dismissed.[2]

---

[2] Of course, it is likely that Plaintiff has brought claims nominally sounding in negligence to disguise the fact that ultimately, because there is no coverage, no claim for breach can ever be maintained.  See footnote, 1, supra. Because it is apparent at this point in the pleadings that no claim for negligence, bad faith or breach of contract can ever be maintained, it is appropriate for this Court to dismiss the Complaint with prejudice based on the precedent set forth in the Supreme Court cases of  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  In those cases, the Supreme Court held that to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face., i.e., factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Here, Plaintiff has no plausible claim for relief, contractual or

## I.    LEGAL STANDARD

On a motion to dismiss, "the facts stated in [plaintiff's] complaint and all reasonable inferences therefrom are taken as true." Stephens v. Dep't of Health & Human Servs., 901 F. 2d 1571 (11th Cir. 1990). That being said, the Eleventh Circuit has held that in order to survive a motion to dismiss, a plaintiff must allege factual allegations that are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Id. at 1964-65.

## II.   THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR NEGLIGENCE

To plead a negligence cause of action under Florida law, a plaintiff must allege 1) a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct, for the protection of others against unreasonable risks, 2) a failure on the defendant's part to conform to the standard required: a breach of the duty, 3) a reasonably close causal connection between the conduct and the resulting injury, which is commonly referred to as "legal cause," or "proximate cause," and which includes the notion of cause in fact; and 4) actual loss or damage. Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216 (Fla. 2010).

Here, Plaintiff alleges that the insured provided Audubon and Chartis notice of the underlying lawsuit and requested a defense from the lawsuit. Plaintiff also alleges that Audubon and Chartis refused to provide a defense or settle the lawsuit, and that due to the refusal, the insureds suffered damages. Nowhere in the Complaint, however, does Plaintiff allege what legal

---

otherwise, under Nationwide's policies for an accident that occurred more than a year and a half before the first policy was ever issued to Nationwide by Audubon.

duty or obligation were owed by Audubon and Chartis to the purported insureds.[3]  Without an assertion of a legal duty recognized by law, a negligence claim fails.  See Rishel v. Eastern Airlines, Inc., 466 So. 2d 1136 (Fla. 3rd DCA 1985) ("It is axiomatic that to sustain a cause of action in negligence, a complaint must allege ultimate facts which establish a relationship between the parties giving rise to a legal duty on the part of the defendant to protect the plaintiff from the injury of which he complains.  It follows that if no legal duty exists, there can be no cause of action for negligence.") (internal cites omitted).  Therefore, Plaintiff's negligence claims must be dismissed for failure to state a cause of action.

## III. PLAINTIFF'S NEGLIGENCE CLAIMS ARE BARRED BY THE ECONOMIC LOSS RULE

To the extent that Plaintiff could assert a claim for negligence by identifying a legal duty and alleging a breach which caused her damages, such an action would nevertheless be barred by Florida's economic loss rule.  As stated above, if Nationwide was covered by a policy that provided coverage for Plaintiff's injuries, any claim against Nationwide's insurers would sound in contract, and would claim that Nationwide's insurers breached their duty to defend as required by an insurance policy.  Nevertheless, Plaintiff ignores the only potential claim she could have, and cloaks her claims as claims for negligence.  See Complaint, at Counts III and IV.  Florida law is clear, however, that tort claims are precluded where the parties are in a contractual relationship.  As noted by the Eleventh Circuit in Behrman v. Allstate Life Ins. Co.:

> Florida's well-settled economic loss rule prohibits tort claims premised on economic losses flowing from an alleged contractual breach . . . The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract

---

[3] Indeed, not only does the Plaintiff fail to allege a duty or breach thereof sufficient to support a claim for negligence, but Plaintiff does not even allege breach of a duty that would arise from a contract, in that she does not allege that the Defendants had *the obligation* to defend or indemnify, and alleges only that they *failed* to defend and indemnify.  Thus, the Complaint is simply devoid of any allegations that establish any obligation required these Defendants to defend or settle on behalf of Nationwide.

from circumventing the allocation of losses set forth in the contract by bringing an action for economic losses in tort. [4]

178 Fed. Appx. 862, 863 (11th Cir. 2006), *quoting* Indemnity Ins. Co. of N. Amer. v. American Aviation, 891 So. 2d 532 (Fla. 2004).  Applying this well-settled rule, the Eleventh Circuit in Behrman dismissed the insured's tort claims against the insurer.

In Construction Consulting & Management Corp. v. Mid-Continent Cas. Co., 2011 WL 59151 (S.D. Fla. Jan. 7, 2011), a case with facts similar to those alleged in Plaintiff's Complaint, the liability insurer denied coverage and refused to defend and indemnify an insured against a lawsuit.  The insured sued the liability insurer for declaratory judgment and for breach of fiduciary duty.  The court held that the economic loss rule barred the insured's fiduciary duty claim because it alleged no tort independent of the liability insurer's breach of the duty to defend and indemnify.  See also Royal Surplus Lines Ins. Co. v. Coachman Industries, 184 Fed. Appx. 894 (11th Cir. 2006) (economic loss precludes tort claims between parties to an insurance contract); Testa v. Southern Escrow & Title, LLC, 36 So. 3d 713 (Fla. 1st DCA 2010) (affirming dismissal of insured's negligence claims against title insurer based on economic loss rule); Ahern v. Fidelity Nat'l Title Ins. Co., 2009 WL 3242017 (M.D. Fla. 2009) (dismissing negligence claims against title insurers as barred by the economic loss rule); Chicago Title Ins. Co. v. Commonwealth Forest Investments, 494 F. Supp. 2d 1332 (M.D. Fla. 2007) (same); Hirschenson v. Metropolitan Life Ins. Co., 2008 WL 4826089 (S.D. Fla. 2008) (dismissing tort claim against insurer based on economic loss rule).

---

[4] Florida law recognizes an exception to the foregoing rule when a plaintiff alleges that a tort was committed independently of the breach of contract, such as for example, fraud in the inducement.  See Indemnity Ins. Co. of N. Amer. v. American Aviation, 891 So. 2d 532 (Fla. 2004).  Here, the Complaint contains no allegations that are independent of the insurers' breach of the duty to defend the insureds, which is a purely contractual duty.  As a result, Plaintiff's "Negligence" claims do not fall within the exception to the economic loss rule.

In this case, Plaintiff alleges no facts that give rise to any independent tort claim.  Indeed, Plaintiff's allegations relate solely to the insurers' alleged failure to defend an insured and settle a claim – a classic breach of contract dispute.  Moreover, the damages allegedly suffered by the insureds as a result of the insurers' failure to defend are not tort damages.  There are no allegations tying the insurers to any physical injury to Plaintiff or the minor.  As a result, Plaintiff's "Negligence" claims are barred by Florida's economic loss rule, and must be dismissed.  See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort").

## IV.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT

To the extent Plaintiff's "Negligence"-denominated claims are really supposed to be breach of contract claims, Plaintiff fails to state a cause of action against Audubon and Chartis. To properly state a cause of action for breach of contract under Florida law, a claimant must allege 1) a valid contract, 2) a material breach, and 3) damages.  See e.g., Knowles v. C.I.T. Corp., 346 So. 2d 1042 (Fla. 1st DCA 1977); Rollins, Inc. v. Butland, 951 So. 2d 860 (Fla. 2d DCA 2006); Murciano v. Garcia, 958 So. 2d 423 (Fla. 3d DCA 2007); Sulkin v. All Florida Pain Management, Inc., 932 So. 2d 485 (Fla. 4th DCA 2006); Abbott Laboratories, Inc. v. General Electric Capital, 765 So. 2d 737 (Fla. 5th DCA 2000).  While the counts against Audubon and Chartis allege damages, they do not allege that Defendants' actions constituted a breach of any contract.  In other words, while Plaintiff claims that Audubon and Chartis wrongfully failed to defend and/or settle the underlying tort lawsuit against their insured, nowhere does Plaintiff allege that any policy(ies) actually obligated Audubon and Chartis to defend (or settle) lawsuits in general, or Plaintiff's lawsuit in particular.  See Underwriters etc. v. Seaboard Marine Ltd.,

2009 WL 928719 (S.D. Fla. 2009) (insured cannot state a cause of action for breach of contract based on a failure to defend where the policy does not obligate the insurer to defend).  Moreover, Plaintiff did not attach the complaint from the underlying tort lawsuit to demonstrate that any duty to defend would be triggered.  Thus, even if all the allegations as to Audubon and Chartis' actions are taken as true, these allegations alone do not satisfy the breach element of the breach of contract cause of action.  As a result, to the extent Plaintiff is purporting to sue Defendants for contractual damages arising out of the breach of the duty to defend or settle, such claims should be dismissed for failure to state a claim.  Alternatively, Defendants are entitled to a more definite statement, pursuant to Fed. R. Civ. P. 12(e), wherein Plaintiff should at the very least clearly assert what duties it contends Defendants breached and whether the insurance policy even contains such duties.

## V.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BAD FAITH

Although the allegations in the Complaint are obfuscated, Plaintiff alleges that Audubon and Chartis refused to defend and/or settle the claims against the insureds "wrongfully and in bad faith."  As a result, and coupled with Plaintiff's purported attempt to obtain extra-contractual damages, by seeking $8,000,000, it appears that Plaintiff is attempting to put the cart before the horse and recover bad faith damages from insurers without first having to prove that the underlying claim was covered.  Such maneuvering is not allowed by Florida law.

Under Florida law, a bad faith claim against an insurer may not be asserted until the underlying coverage dispute is decided in favor of the insured.  Trief v. American Gen. Life Ins. Co., 444 F. Supp. 2d 1268 (S.D. Fla. 2006); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000); Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289 (Fla. 1991); Liberty Mut. Ins. Co. v. Farm, Inc., 754 So. 2d 865 (Fla. 3d DCA 2000); General Star Indem. Co. v.

Anheuser-Busch Cos., 741 So. 2d 1259, 1261 (Fla. 5th DCA 1999) ("[f]or both first party and third party bad faith claims against insurers, recent case law has clarified the point that coverage and liability issues must be determined before a bad faith cause can be prosecuted"); Doan v. John Hancock Mut. Life Ins. Co., 727 So. 2d 400 (Fla. 3d DCA 1999).

        As noted above, Plaintiff has not even adequately pled a breach of an insurance contract claim, much less established coverage under that insurance contract.[5]  Obviously, Plaintiff has not pled, nor can she plead, that coverage under the insurance policies has been determined and that she has a judgment against the insurers.  Thus, any bad faith claims, at best, are premature at this point.  As a result, to the extent the Complaint purports to raise any insurer bad faith claims and recover any bad faith damages, such claims should be dismissed.  Moreover, any references to bad faith and bad faith damages should be stricken as they are completely immaterial to whether there was a breach of an insurance contract and would only serve to distract and inflame the jury.  See Fed. R. Civ. P. 12(f) (allowing the Court to strike any "immaterial, impertinent or scandalous" matters from the complaint).

        WHEREFORE, Defendants Audubon and Chartis respectfully request that the Court dismiss the claims against them and grant such other relief as the Court deems necessary.

---

[5] Furthermore, as set forth in footnote 1, there is no coverage under the Nationwide policies.  Thus, Plaintiff will never be entitled to sue Audubon or Chartis for bad faith because Plaintiff can have no rights greater than those of her assignor, Nationwide.  See Nova Information Systems, Inc. v. Greenwich Ins. Co., 365 F. 3d 996 (11th Cir. 2004).  Because Nationwide would never be able to establish a breach, neither would Plaintiff.

Respectfully submitted,

**AKERMAN SENTERFITT**
*Attorneys for Defendants Audubon and Chartis*
One Southeast Third Avenue
25th Floor
Miami, FL  33131-1704
Phone:  (305) 374-5600
Fax:  (305) 374-5095

By:____s/ Mark S. Shapiro_____
    MARK S. SHAPIRO
    Florida Bar Number: 894631
    Email: mark.shapiro@akerman.com
    NINA S. WHISTON
    Florida Bar Number: 354260
    Email: nina.whiston@akerman.com
    GIDEON REITBLAT
    Florida Bar Number: 36388
    Email:  gideon.reitblat@akerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of January, 2011, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will send an electronic notice of filing to: **Joseph J. Slama, Esq. and Mark Giuliani, Esq.**, *Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A.*, 12 S.E. 7th Street, Suite 801, Ft. Lauderdale, FL 33301; and **Steven H. Preston, Esq.**, *Hicks, Porter, Ebenfeld & Stein, P.A.*, 799 Brickell Plaza, Suite 900, Miami, FL 33131.

 s/ Mark S. Shapiro_____
Attorney